UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

**RUSSELL KENNETH COOMER, JR.**                                                                 **PLAINTIFF**

**v.**                                                                **CIVIL ACTION NO. 3:13CV-P73-S**

**DANNY ALLEN, JAILER, HARDIN COUNTY JAIL**                                     **DEFENDANT**

<u>**MEMORANDUM OPINION**</u>

Plaintiff Russell Kenneth Coomer, Jr. filed a *pro se* complaint pursuant to 42 U.S.C. § 1983. This matter is before the Court on initial review of the complaint pursuant to 28 U.S.C. § 1915A. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons that follow, the complaint will be dismissed.

I.

Plaintiff is a convicted inmate currently incarcerated at the Grayson County Jail. At the time he filed the complaint, he was incarcerated at the Hardin County Jail. Plaintiff names Hardin County Jailer Danny Allen as Defendant in his individual and official capacities.

In the complaint, Plaintiff reports that while in the Hardin County Jail he was a state inmate in a Class D Program. He alleges that on July 20, 1012, he was "locked down" and accused of committing "some major disciplinary violations." Plaintiff states that he requested a hearing but "their answer was, We don't have to give you one." He reports filing a grievance about the matter and receiving the same response. Plaintiff also states that he was refused a copy of his disciplinary report, that the officer that locked him down set the punishment, and that he was convicted on September 12, 2012. Attachments to the complaint indicate that Plaintiff was sentenced to "60 days Lockdown." Plaintiff asserts that his due process rights were violated when he "was convicted an punished without having a hearing an found guilty."

As relief, Plaintiff seeks to "Have Hardin Co. Jail give all state inmats their Due Process Rights as Defined in Ky. D.O.C. policies and procedure."

## II.

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A.  Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* § 1915A(b)(1), (2); *McGore*, 114 F.3d at 604.  A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  *Id.* at 327.  In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true."  *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).

### III.

"The Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake." *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005).

"[T]he Due Process Clause itself confers a liberty interest in certain situations." *Sandin v. Connor*, 515 U.S. 472, 479 n.4 (1995) (citing *Vitek v. Jones*, 445 U.S. 480 (1980) (finding liberty interest, irrespective of state regulation, in freedom from involuntary transfer to a state mental hospital) and *Washington v. Harper*, 494 U.S. 210 (1990) (finding, independent of any state regulation, an inmate had a liberty interest in being protected from the involuntary administration of psychotropic drugs)). None of those situations are present here, and "[t]he Due Process Clause standing alone confers no liberty interest in freedom from state action taken within the sentence imposed." *Sandin v. Connor*, 515 U.S. at 480 (quotation marks and citations omitted).

States also may create protected liberty interests. *Id.* at 483-84. "[T]hese interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* at 484. In determining whether changes to a prisoner's conditions of confinement implicate a cognizable liberty interest, courts must consider "the nature of the more-restrictive confinement *and* its duration in relation to prison norms and to the terms of the individual's sentence." *Harden-Bey v. Rutter*, 524 F.3d 789, 792 (6th Cir. 2008).

Plaintiff does not assert facts demonstrating that his 60-day placement in segregation imposed atypical and significant hardship on him in relation to the ordinary incidents of prison life.  *See, e.g.*, *Harris v. Truesdell*, 79 F. App'x 756, 758-59 (6th Cir. 2003) ("Harris's punishment of more than 60 days of punitive segregation does not give rise to a protected Fourteenth Amendment liberty interest because it is not an 'atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'") (citing *Sandin v. Conner*, 515 U.S. at 484).  Plaintiff fails, therefore, to assert a liberty interest entitling him to due process protections, and his due process claim will be dismissed.

Additionally, Plaintiff seeks only injunctive relief in his complaint.  An inmate's claim for injunctive relief regarding the conditions of his confinement becomes moot due to the inmate's release from confinement or transfer to another facility.  *See Wilson v. Yaklich*, 148 F.3d 596, 601 (6th Cir. 1998) (holding that a prisoner's claims for injunctive relief became moot after he was transferred to another facility); *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996) (same).  Here, Plaintiff requests that "Hardin Co. Jail give all state inmats their Due Process Rights as Defined in Ky. D.O.C. policies and procedure."  Because Plaintiff is no longer incarcerated at Hardin County Jail, it is clear that he would derive no benefit from granting the requested relief, and his claim for injunctive relief will be dismissed.

For all the reasons set forth above, the Court will enter a separate Order dismissing this action.

Date: April 15, 2013

Charles R. Simpson III, Senior Judge
United States District Court

cc:   Plaintiff, *pro se*
      Defendant
4411.005

4